UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FLORENTINO LEAL DAMIAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-25-1561-J |
| ) | |
| DON JONES, et al., ) | |
| ) | |
| Respondents. ) | |

**ORDER**

Petitioner Florentino Leal Damian, a Mexican citizen, filed a Petition for Writ of Habeas Corpus [Doc. No. 1] pursuant to 28 U.S.C. § 2241. The matter was referred to United States Magistrate Judge Amanda L. Maxfield consistent with 28 U.S.C. § 636(b)(1)(B),(C). Judge Maxfield issued a Report and Recommendation recommending that the Court: (1) grant Petitioner's habeas petition, in part, and (2) order Respondents to provide Petitioner with an individualized bond hearing under 8 U.S.C. § 1226(a) within seven days or otherwise release him if he has not received a lawful bond hearing within that period. *See* [Doc. No. 10]. Respondents filed a timely objection [Doc. No. 11], triggering de novo review, *see Quint v. Vail Resorts, Inc.*, 89 F.4th 803, 808 (10th Cir. 2023), and Petitioner has filed a reply.

Respondents object to Judge Maxfield's conclusion that 8 U.S.C. § 1226(a) applies to Petitioner's detention and not 8 U.S.C. § 1225(b)(2)(A), as asserted by Respondents. This issue is significant because § 1225(b)(2)(A) provides for mandatory detention, but § 1226(a) provides for conditional parole or release on bond pending a decision in the removal proceedings. Respondents contend that Petitioner is properly detained pursuant to § 1225(b)(2)(A), which provides:

> Subject to subparagraphs (B) and (C), in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond

> a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title.

8 U.S.C. § 1225(b)(2)(A).  Respondents assert this provision applies to Petitioner because he is plainly an "applicant for admission," which is defined as "[a]n alien present in the United States who has not been admitted or who arrives in the United States." 8 U.S.C. § 1225(a)(1).  Petitioner, on the other hand, contends that the detention determination should be made pursuant to § 1226(a), which provides:

> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States.  Except as provided in subsection (c) and pending such decision, the Attorney General –
> (1) may continue to detain the arrested alien; and
> (2) may release the alien on –
> (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
> (B) conditional parole . . . .

8 U.S.C. § 1226(a).  Petitioner asserts § 1225(b)(2)(A) does not apply to those who have resided in the United States for many years and are not arriving or recently arrived to the United States and § 1226(a) applies to aliens who have been unlawfully living in the United States.

Two appellate courts have weighed in on this issue.  The Seventh Circuit ruled on a motion to stay pending appeal that based on a "preliminary record" the respondents "are not likely to succeed on the merits of their argument that those individuals, whom ICE arrested in Chicago without a warrant, are subject to mandatory detention under § 1225(b)(2)(A)." *Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061-62 (7th Cir. 2025).  The Seventh Circuit concluded Congress "could easily have included noncitizens who are 'seeking admission' within the definition [of 'applicants for admission'] but elected not to do so." *Id.* at 1061.  In contrast, the Fifth Circuit recently applied § 1225 to a similar habeas challenge, agreeing with Respondents'

position based on "the relevant provisions and structure of the Immigration and Naturalization Act, the statutory history, and Congressional intent." *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330, at *1, *4-9 (5th Cir. Feb. 6, 2026).

Additionally, the weight of authority in this district and other district courts in Oklahoma coincides with the Seventh Circuit's analysis. *See Ramirez Rojas v. Noem*, CIV-25-1236-HE, 2026 WL 94641, at *1-2 (W.D. Okla. Jan. 13, 2026); *Morocho v. Kelly*, CIV-25-1247-R, 2026 WL 36452, at *3 (W.D. Okla. Jan. 6, 2026); *Cruz-Hernandez v. Noem*, No. CIV-25-1378-D, 2026 WL 18932, at *2-3 (W.D. Okla. Jan. 2, 2026); *Colin*, 2025 WL 3645176, at *2-5; *Leonardo G.Z. v. Noem*, No. 25-CV-0600-SHE-MTS, 2025 WL 3755590, at *8-11 (N.D. Okla. Dec. 29, 2025).[1] This Court agrees with the Seventh Circuit's reasoning, the majority of the other courts in this district, the overwhelming number of other courts that recently addressed this question, and this Court's prior rulings that "based on § 1225(b)(2)(A)'s plain language, the Court concludes that the section only applies when a noncitizen 'applicant for admission' is actively 'seeking admission' into the United States." *Diaz v. Holt*, Case No. CIV-25-1179-J, 2025 WL 3296310, at *3 (W.D. Okla. Nov. 26, 2025).  Accordingly, because Petitioner has been unlawfully living in the United States for many years without seeking admission, § 1225(b)(2)(A) does not apply, and § 1226(a), instead, controls Petitioner's detention.

Noncitizens detained under § 1226(a) are generally entitled to a prompt bond hearing before an immigration judge. *See Hernandez v. Baltazar*, Civil Action No. 1:25-cv-03094-CNS, 2025 WL 2996643, at *8 (D. Colo. Oct. 24, 2025) (finding similarly situated noncitizen entitled to a bond hearing under § 1226(a)).  Here, Petitioner has not received a bond hearing, and

---

[1] The Court recognizes that two Judges in this district have concluded that noncitizens like Petitioner fall under § 1225(b)(2)(A).

3

Respondents raise no objection challenging their obligation to provide bond hearings for noncitizens under § 1226(a). Therefore, the Court finds that Petitioner is entitled to a bond hearing, and Respondents' failure to provide one violates § 1226(a) of the Immigration and Nationality Act.

For the reasons discussed above, the Court ADOPTS the Report and Recommendation [Doc. No. 10] on de novo review and GRANTS Petitioner's Petition to the extent it alleges Petitioner's lack of bond hearing violates federal law. Accordingly, the Court ORDERS Respondents to provide Petitioner with a prompt bond hearing under 8 U.S.C. § 1226(a) or otherwise release Petitioner. The Court further ORDERS Respondents to certify compliance by filing a status report within ten (10) days of the date of this Order.

A separate judgment will enter.

IT IS SO ORDERED this 17th day of February, 2026.

BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE